I have not changed my views in this case. The Constitution requires the assent of the city, before a street railway company may construct its lines over the streets of the city. The city can say the assent is given, but upon the condition that the street railway company shall operate its lines for a certain and definite number of years. In this case it was 49 years. This is a valid condition, and it requires the assent of the city to undo what has been done. This condition does not strike at the police powers of the State. If the company is losing money, it can increase its charge through the Public Service Commission. The sole case made before the Commission was the loss of money in the operation of the road. The case was heard, evidence taken, and opinion written in which the facts are stated. Under the Constitution the Commission had no power to uproot the franchise contract as to the term the railroad should perform its public service. This term of the contract does not contravene the police powers, and is valid. The rate clauses of these franchises are invalid, because they do contravene the police power. The actual ruling of the Commission may be awkwardly expressed, but the fact remains that they said to the railway company, in effect, if all you say is true, and all your evidence is true, we can't relieve you, because under Section 20 of Article 12, you had to get the assent of the city, and you say that you did get such assent upon condition that the cars were to be run for a definite time, and this condition we can not change, because it was a proper one *Page 71 
under the constitutional provision. In other words, you ask relief which we can't grant under your own evidence and statement of the case. You asked for the constitutional assent of the city, and you say that you got such assent coupled with a lawful condition, which condition you accepted, tore up the streets and built the road. Now when you discover that your road does not pay, you ask us to strike from the contract a lawful condition under Section 20 of Article 12 of the Constitution, and this the Commission has no power to do. This is the substance of the ruling by the Commission, and we think it correct.
The case was in fact tried, and an opinion detailing the facts found was written. The opinion used the word jurisdiction, where it really meant that the Commission has no power, by reason of rights given the city under Section 20 of Article 12, to change or ignore the terms of a written contract. We have held that the Commission can ignore the rate terms of the franchise contract, because such terms entrenched upon the police powers of the State. But we have never gone so far as to say that the Commission can ignore other provisions of the franchise contract, which do not contravene the police powers. In the instant case the Public Service Commission in the opinion simply says we can't ignore this valid condition of this franchise contract. This is the sum and substance of its ruling, and nothing more. The Commission as shown by the opinion exercised its power, but refused relief on the theory that it had no power (jurisdiction) to set aside the franchise contract. The judgment should be affirmed. Walker, C.J., concurs in these views. *Page 72